IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MATHEW J. ALTWEGG,

        Plaintiff,

    v.                                No. 21-2251-SAC-KGG

AMERICAN EXPRESS COMPANY,
TRANS UNION, LLC, and
EQUIFAX INFORMATION SERVICES, LLC,

        Defendants.

MEMORANDUM AND ORDER

        The defendant American Express National Bank ("AMEX"), stating it was improperly designated in the complaint as a company, moves the court to compel arbitration of this action and to stay the case pending arbitration. ECF# 17. The plaintiff, Mathew J. Altwegg ("Altwegg"), filed this Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.* action in the Limited Actions Division of the District Court of Wyandotte County, Kansas, and the defendant Trans Union, LLC ("Trans Union") filed a notice of removal on June 1, 2021. ECF# 1.

        In his petition, Altwegg alleges AMEX is reporting on his credit reports with the defendant consumer reporting agencies of Trans Union and Equifax Information Services, LLC ("Equifax") what he believes is an obsolete account as defined by 15 U.S.C. § 1681(c). ECF# 1-3, ¶ 11. When he disputed the obsolete account with Trans Union and Equifax, both consumer reporting agencies responded that they had verified the matter with AMEX and the account would remain on Altwegg's credit report. The plaintiff alleges he also disputed the account with

1

Experian, another credit reporting agency, which did correct Altwegg's credit report. Altwegg claims that Equifax and Trans Union "failed to use reasonable procedures to reinvestigate" or to "otherwise conduct an appropriate, lawful reinvestigation" and "took inadequate action to correct Plaintiff's consumer reports or delete the false data." ECF# 1-3, ¶ 27. Against AMEX, Altwegg claims it violated the FCRA in "failing to respond to reinvestigation requests and failing to supply accurate and truthful information" in that it did not "retract, delete and suppress false and inaccurate information" and "continued to report false and inaccurate information." ECF# 1-3, ¶¶ 33-36.

Citing terms from their cardmember agreements, AMEX argues that Altwegg agreed to an arbitration provision that was governed by the Federal Arbitration Act and that precluded the right to litigate in court if any party chose arbitration on any claim "relating to" the account, agreement or relationship with AMEX currently or in the past. ECF# 17, p. 2. In filing a "Notice of Non-Objection," Altwegg "does not object" to this demand for arbitration by AMEX or "to staying these proceedings as to American Express only." ECF# 19, ¶ 5. He "would object to staying this case in its entirety." *Id*. In his notice, Altweg does not waive "any argument or objection to the scope of the arbitration clause or any argument that Plaintiff may decide to make to the arbitrator regarding threshold questions of arbitrability." ECF# 19, ¶ 7. In reply, AMEX argues the court should stay the entire action pending the outcome of arbitration with AMEX, because "Altwegg's claims all relate to his" AMEX card making for "significant overlap between the remaining claims and the arbitrated

2

claims." ECF# 20, p. 1. Neither Trans Union nor Equifax has filed any pleading to join AMEX's motion to stay or filed its own motion to stay.

With the filing of the plaintiff's notice of non-objection, the court will grant AMEX's motion to compel and to stay the plaintiff's action against AMEX. As for extending the stay to include the claims against Trans Union and Equifax, the court will wait for those parties and/or the plaintiff to make their own request for this relief. If such a motion is filed, other than jointly, the court expects the matter will be presented with full consideration given to all circumstances found relevant in the analysis and holding of *Gouger v. Citibank NA*, No. 19-2434-KHV, 2020 WL 1320723 (D. Kan. Mar. 20, 2020).

IT IS THEREFORE ORDERED that the defendant AMEX's motion to compel arbitration (ECF# 17) is granted insofar as the plaintiff's claims against AMEX shall be arbitrated pursuant to the terms of the card agreements and the plaintiff's action against AMEX only is stayed pending the arbitration proceedings.

IT IS FURTHER ORDERED that no later than November 23, 2021, and at 60-day intervals thereafter, AMEX and Altwegg shall file a joint report of the status of the arbitration between them.

Dated this 23rd day of September, 2021, Topeka, Kansas.

/s Sam A. Crow_____
Sam A. Crow, U.S. District Senior Judge

3