IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MATHEW J. ALTWEGG,

        Plaintiff,

    v.                                No. 21-2251-SAC-KGG

AMERICAN EXPRESS COMPANY,
TRANS UNION, LLC, and
EQUIFAX INFORMATION SERVICES, LLC,

        Defendants.

MEMORANDUM AND ORDER

        The two consumer reporting agency ("CRA") defendants Trans Union, LLC ("Trans Union") and Equifax Information Services, LLC ("Equifax") file an unopposed motion to stay the entire case pending the conclusion of the arbitration between the plaintiff, Mathew J. Altwegg ("Altwegg") and the defendant American Express Company or the American Express National Bank ("AMEX"). ECF# 23. This Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.* action was filed in the Limited Actions Division of the District Court of Wyandotte County, Kansas, and the defendant Trans Union removed it to federal court on June 1, 2021. ECF# 1.

        Altwegg alleges AMEX is reporting on his credit reports with the defendant CRAs what he believes is an obsolete account as defined by 15 U.S.C. § 1681(c). ECF# 1-3, ¶ 11. When he disputed the obsolete account with Trans Union and Equifax, both CRAs responded that they had verified the matter with AMEX and would keep the account on Altwegg's credit report. Altwegg claims that Equifax and Trans Union "failed to use reasonable procedures to reinvestigate" or to "otherwise conduct

1

an appropriate, lawful reinvestigation" and "took inadequate action to correct Plaintiff's consumer reports or delete the false data." ECF# 1-3, ¶ 27. Against AMEX, Altwegg claims it violated the FCRA in "failing to respond to reinvestigation requests and failing to supply accurate and truthful information" in that it did not "retract, delete and suppress false and inaccurate information" and "continued to report false and inaccurate information." ECF# 1-3, ¶¶ 33-36.

AMEX filed a motion to compel arbitration (ECF# 17) which this court granted (ECF# 21). The court stayed only Altwegg's action against AMEX pending the arbitration. The defendant CRAs now seek to stay Altwegg's action against them pending the conclusion of the arbitration between Altwegg and AMEX. A court's discretion to stay also the litigation against a non-arbitrating party is "based upon considerations of judicial efficiency" with an important factor being "control of its docket." *Coors v. Brewing Co. v. Molson Breweries*, 51 F.3d 1511, 1518 (10th Cir. 1995) (citations omitted). "Stay of the entire proceeding is appropriate when resolution of the arbitrable claim will have a preclusive effect on the nonarbitrable claim." *Chelsea Family Pharmacy, PLLC v. Medco Health Solutions, Inc.*, 567 F.3d 1191, 1200 (10th Cir. 2009) (citation omitted). The defendants highlight that CRAs have been granted a stay in similar cases in this district. *Gouger v. Citibank NA*, No. 19-2434-KHV, 2020 WL 1320723 (D. Kan. Mar. 20, 2020).

In its order granting AMEX's motion to compel and stay, the court denied AMEX's request to stay the entire case but said that it would wait for the CRAs to file their own motion and present "all circumstances found relevant in the analysis and holding of *Gouger*." ECF# 21, p. 3. As stated, the plaintiff does not oppose the

defendants' current motion to stay. The CRAs also argue the overlapping threshold issues of AMEX's reporting accuracy and the extent of plaintiff's damages favor a stay by promoting judicial efficiency, avoiding expensive and burdensome discovery, reducing the risk of confusing and inconsistent results, and without causing undue prejudice to the parties as the stay would be limited to the conclusion of arbitration. In light of the plaintiff's lack of opposition and the obvious saving in litigation costs to the plaintiff and the parties, the court concurs with the analysis in *Gouger* as presented and argued here. The factors of judicial efficiency favor staying the entire case pending the conclusion of arbitration between Altwegg and AMEX.

IT IS THEREFORE ORDERED that the defendant Trans Union's and the defendant Equifax's unopposed motion to stay the case pending arbitration (ECF# 23) is granted;

IT IS FURTHER ORDERED that no later than November 23, 2021, and at 60-day intervals thereafter, Trans Union and Equifax will join AMEX and Altwegg in filing a joint report of the status of the arbitration.

Dated this 5th day of October, 2021, Topeka, Kansas.

/s Sam A. Crow_____
Sam A. Crow, U.S. District Senior Judge